UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23282-CIV-LENARD/TORRES

IN ADMIRALTY

DANIEL ATTA GYASI, et al.,

        Plaintiffs,

vs.

M/V "ANDRE", in rem,

        Defendant.
_____ /

## OMNIBUS ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint [D.E. 36-1], Plaintiffs Shoreline Marine, Fuel Inc., and Island Cargo Systems, LLC.'s Motion for Order Directing Issuance of Supplemental Warrant of Arrest In Rem [D.E. 37], Defendant's Emergency Renewed Motion to Dismiss and/or Lower Bond [D.E. 33] and Plaintiffs' Motion to Strike Defendant's Motion to Dismiss and/or Reduce Bond [D.E. 39]. We will treat Plaintiff's' Motion to Strike as a response to Defendant's Emergency Motion to Dismiss and/or Lower Bond.

Also important to note, Plaintiffs' Motion to Strike was errantly filed as a motion to strike docket entry 35, an ancillary motion to dismiss intervenor Fofo Import and Export Retail's Emergency Complaint. It is clear from the arguments in Plaintiffs' Motion to Strike that Plaintiffs wish to strike/respond to docket entry 33. [D.E. 39, p. 4 at ¶ 13].

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Leave to File Amended Complaint [D.E. 36-1] is **GRANTED**. Leave to file an amended complaint "shall be freely given when justice so

requires." Fed. R. Civ. P. 15.  Plaintiffs Island and Shoreline seek to join with Gyasi in his Complaint to enforce their own maritime liens.  Island was a charterer of the vessel who provided funds and credit for the purchase of dockage and stevedoring, and Shoreline is a fuel supplier.  Defendant did not file a timely response, and we treat this silence as a failure to show "undue delay, bad faith or dilatory motive, [or] undue prejudice" that would preclude this Court from allowing Plaintiffs leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, (1962).  Accordingly, Defendant shall answer the Complaint within ten days of this date through a Verified Claim of Owner as required by Rule C(6).

2.  Plaintiffs Shoreline Marine, Fuel Inc., and Island Cargo Systems, LLC.'s Motion for Order Directing Issuance of Supplemental Warrant of Arrest In Rem [D.E. 37] is **DENIED AS MOOT**.  Ordinarily, a Plaintiff is entitled to issuance of a Supplemental Warrant of Arrest *in rem* commanding the United States Marshal to take possession of the defendant vessel to stand as security for Plaintiff's claim.  At the outset of the case, before Island and Shoreline were parties to the suit, Plaintiff Gyasi filed such a motion, and the Court granted relief [D.E. 12].  Subsequently, however, Defendant filed an Emergency Motion to Set Bond, and after an evidentiary hearing on the matter, we granted Plaintiff's Motion and set a special bond of $500,000 to secure the release of the M/V Andre [D.E. 31].  The fact that Island and Shoreline are now Plaintiffs does not vitiate our previous order setting a special bond.

3.  Defendant's Emergency Renewed Motion to Dismiss and/or Lower Bond [D.E. 33] is **DENIED**.  With respect to the request for dismissal of this case, Plaintiffs correctly note that there "is nothing set forth in this motion that was not argued in Defendant's earlier motion or that was not known at the time of the post-arrest hearing." [D.E. 39 at 6]. Defendant's arguments merely reiterate those contained in the first Motion to Dismiss, which was denied for the following reasons:

> [T]here is no allegation that the verified complaint fails to allege a claim, as would be required to raise a Rule 12(b)(6) argument. As the pending motion seeks to introduce facts outside the four corners of the complaint to show that the Plaintiff is a fraud, there is no showing why such a finding should be made through a motion to dismiss. And, upon looking at the evidence presented at the evidentiary hearing, the Court cannot find that there is strong showing at this stage that Plaintiff is indeed a fraud. The Court found Plaintiff generally credible based upon the limited record presented. There is no factual dispute that he was, in fact, injured in Haiti. The issue is whether his resulting claims are exaggerated or made-up. Only a more thorough review of the record would allow the Court to make such a finding, and only with the benefit of additional evidence and discovery. At this stage, the pending motion to dismiss is premature and without merit.

[D.E. 31 at 4-5]. For the identical reasons, we deny the Renewed Motion to Dismiss.

With respect to the request to lower bond, Defendant offered no legal or factual argument in support of this request. Considering two additional Plaintiffs, Island and Shoreline, have joined suit, and an additional Plaintiff, Fofo Import and Export Retail, seeks to intervene, if we were to modify bond, we would likely increase it.

4. In light of the above, Plaintiffs' Motion to Strike Defendant's Motion to Dismiss and/or Reduce Bond [D.E. 39] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of February, 2008.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All counsel of record