UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23282-CIV-LENARD/TORRES

IN ADMIRALTY

DANIEL ATTA GYASI, et al.,

    Plaintiffs,

vs.

M/V "ANDRE", in rem,

    Defendant.
_____ /

## OMNIBUS ORDER

This matter is before the Court on Defendant's Motion to Dismiss Intervenor Fofo's Verified Emergency of Expedited Complaint for Maritime Lien [D.E. 35], Plaintiff's Motion for Interlocutory Sale of Vessel [D.E.41], Plaintiff's Motion to Shorten Time for Response to Motion fo Interlocutory Sale [D.E. 42], Plaintiff's Motion for Default Against All Claimants [D.E. 45], and Plaintiffs' Motion to Increase Bond [D.E. 56].

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Defendant's Motion to Dismiss Intervenor Fofo's Verified Emergency of Expedited Complaint for Maritime Lien [D.E. 35] is **GRANTED WITHOUT PREJUDICE**. On January 11, 2008, Fofo Import & Export Retail, Inc. ("Fofo") filed an action in rem under Supplemental Rule C to enforce a maritime lien against Defendant in the amount of $266,000 ("Intervenor Complaint"). [D.E. 29]. Defendant filed this Motion to Dismiss, and Fofo requested an extension of time to respond to the motion [D.E. 44]. The Court subsequently ordered Fofo to file a response to Defendant's Motion to Dismiss on or before March 16, 2008. To date, no response has been filed.

Fofo's Intervenor Complaint warrants dismissal for several reasons.[1]  First, the Intervenor Complaint is not verified, as required by Local Admiralty Rules A.5 and C.1. Second, the Intervenor Complaint is not signed by counsel, as required by Federal Rule of Civil Procedure 11(a).  Third, Fofo violated Local Admiralty Rule E.2 by failing to prepare and file a supplemental warrant of arrest and/or a supplemental process of attachment and garnishment.  Fourth, the Intervenor Complaint does not comply with Supplemental Rule E(2) because the pleading fails "to state the circumstances from which the claim arises with such particularity ... [to allow Defendant] to commence an investigation of the facts and to frame a responsive pleading." For example, the Intervenor Complaint alleges that Defendant owes Fofo $266,000 for services rendered, but the "services" are not described, documented, dated, or developed in any way that would allow Defendant investigate the charges or to frame a Answer. [D.E. 29 at ¶ 7]. It is entirely unclear whether the claimed damages stem from unpaid maritime services, damaged cargo, or an ancillary breach of contract.

In that vein, the Intervenor Complaint does not pass muster under Federal Rule of Civil Procedure 8(a)(2).  To survive a motion to dismiss, a complaint must contain a short and plain statement of the facts that shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Kyle v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000).  A pleading under Rule 8 should give opposing parties fair notice of the nature of the claims and the basis or grounds for it:

> In determining whether a pleading meets the standard of Fed. R. Civ. P. 8(a)(2), it must be construed so as to do substantial justice as required by Fed. R. Civ. P. 8(f).  And, the most practical way to "do substantial justice" and comply with the rules of procedure, is to state the prima facie elements of the claim or claims. Furthermore, in the interest of clarity and good pleading, a Plaintiff should

---

[1] Defendants argue in part that Fofo fails to comply with Fed. R. Civ. P. 24(c) ("A motion to intervene must be served on the parties ... [and] must state the grounds for intervention and be accompanied by a pleading that sets out the claims or defense for which intervention is sought"). However, pursuant to Local Admiralty Rule E.2.A, claimants "may, as a matter of right, file an intervening complaint at any time before an order is entered by the Court scheduling the vessel or property for sale."

> clearly and specifically state the grounds upon which his various causes of action depend, since such a statement is necessary in order to present Defendants with a Complaint to which they can readily prepare an answer, as well as to facilitate future proceedings in the case.

*Eidson v. Arenas,* 155 F.R.D. 215, 220 (M.D. Fla. 1994) (internal citations omitted).  Fofo's allegations fail to sufficiently apprise Defendant of the nature of the claims, and the Intervenor Complaint must be dismissed.

2. Plaintiff's Motion for Interlocutory Sale of Vessel [D.E.41] is **DENIED WITHOUT PREJUDICE**. Interlocutory Sale is governed by Supplemental Rule E(9)(a) that provides for sale (i) when the property is deteriorating, (ii) when the cost of keeping it is disproportionate to the amount of the claim or (iii) when there is unreasonable delay in securing the release of the vessel. Plaintiff does not demonstrate that any of these conditions apply.

Plaintiff alleges that "the vessel's situation ha[s] deteriorated as additional creditors have emerged who seek supplementary warrants of arrest." [D.E. 41 at 2]. Even if true, there is no allegation that the *property* itself is deteriorating.

Plaintiff argues that "the expense of keeping the vessel is disproportionate to its value," but fails to provide any evidentiary support, i.e. an affidavit from a surveyor appraising the vessel. *See, e.g., 20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1434 (M.D. Fla. 1997) (several affidavits from boat appraisers supporting a motion for interlocutory sale).

The vessel has been under arrest for over three months, and Plaintiff insists that this is an unreasonable delay.  A three month delay, without more, is insufficient to merit interlocutory sale under Supplemental Rule E(9)(b). *Id.* (granting motion for interlocutory sale based on evidence that the vessel was declining in value, and that plaintiff had not secured the vessel after eight months); *Triton Container Int'l Ltd. v. Merchants Nat'l Bank of Mobile v. Dredge General G.L.* Gillespie, 663 F. 2d 1338, 1341-42 (5th Cir. 1981) (affirming sale of boat

based on evidence of decay, unreasonable delay, and excessive expense); *Ferrous Financial Services Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (permitting interlocutory sale based on evidence of four month unreasonable delay and $166,000 annual expenses).  In the event Plaintiff procures evidence supporting a motion for interlocutory sale, Plaintiff is granted leave to re-file this motion.

3.	Plaintiff's Motion to Shorten Time for Response to Motion fo Interlocutory Sale [D.E. 42] is **DENIED AS MOOT**.

4.	Plaintiff's Motion for Default Against All Claimants [D.E. 45] is **DENIED WITHOUT PREJUDICE**.  Pursuant to Supplemental Rule C(4) and Local Admiralty Rule A.7, Plaintiff was required to give public notice of this action and arrest in an approved newspaper.  Although Plaintiff claims to have made such a publication on August 18, 2006 in Miami-Dade County, Local Admiralty Rule C.4.b. requires a claimant to file proof of publication with the Clerk no later than ten days following the last day of publication. Plaintiff's Motion for Default fails to establish compliance with Local Admiralty Rule C.4.b, and therefore must be denied.

5.	Plaintiffs' Motion to Increase Bond [D.E. 56] is **DENIED AS MOOT**.  After an evidentiary hearing on the matter, the Court set a special bond of $500,000 to secure the release of the M/V Andre [D.E. 31].  We see no reason to raise bond to $800,000 in light of Plaintiff's position that the Andre is a small cargo vessel that "has a very limited value." [D.E. 41-1 at ¶ 10].  The fact that "additional claimants have made claims that combined exceed the value of the vessel" does not vitiate our previous order setting a special bond.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of April, 2008.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All counsel of record